## Commonwealth *v.* Richardson, Appellant.

*Appeals—Assignments of error—Evidence.*

The appellate court will not consider assignments of error to the admission of evidence where such evidence is not set forth in the assignment.

Argued April 26, 1909.   Appeal, No. 61, Oct. T., 1909, by defendant, from judgment of Q. S. Phila. Co., Sept. T., 1908, No. 416, on verdict of guilty in case of Commonwealth v. Anthony Richardson.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ.   Affirmed.

Indictment for perjury.   Before AUDENRIED, J.

Verdict of guilty, upon which the prisoner was sentenced to three years in prison.

*Errors assigned* were in the following form:

1. The learned judge erred in ruling that the affidavit taken by Anthony Richardson before Magistrate Gorman outside of the district of court No. 15, for which Magistrate Gorman was commissioned magistrate could constitute a ground for the prosecution of perjury if false.

2. The learned judge erred in admitting in evidence the testimony of James E. Gorman relative to the oath of Anthony Richardson to a justification of bail taken outside the territorial limits prescribed for the location of the office of the said magistrate's court.

3. The learned court erred in admitting the record of the suit instituted by W. S. Lieb against Anthony Richardson as of C. P. No. 3, March Term, 1907, No. 2,419.

4. The learned court erred in admitting in evidence the judgment in said suit without requiring proof that the said Anthony Richardson had actual notice of the existence of said judgment.

5. The learned court erred in admitting in evidence five separate unsatisfied judgments entered in the court of quarter sessions against Anthony Richardson without requiring proof

of actual knowledge on the part of the said Anthony Richardson of the existence of the said judgments.

6. The learned court erred in admitting in evidence the testimony of Magistrate Gorman in reference to the bail bonds signed by Anthony Richardson in the case of Commonwealth v. John T. Gilson, said bail bonds having been signed and justification taken at Fifteenth and Arch streets at the House of Detention, outside of the territorial limits prescribed for the location of said magistrate's court.

*Henry M. Stevenson,* with him *Maxwell Stevenson,* for appellant.

*Joseph H. Taulane,* assistant district attorney, with him *Samuel P. Rotan,* district attorney, for appellee.

OPINION BY MORRISON, J., July 14, 1909:

The defendant was indicted, tried, convicted, and sentenced for the crime of perjury. We find in the record six several assignments of error but they are each and all in flat violation of our rules and we cannot consider this appeal on its merits because the questions argued are not properly raised by the assignments of error. This will sufficiently appear by a casual reading of the assignments and our rules XIV, XV and XVI, and the decisions of the Supreme Court and of this court in regard to assignments of error.

We have, however, made quite a careful examination of the record in this case, and, on consideration of the arguments and the Act of Assembly of February 5, 1875, P. L. 56, and the reasoning of Judge SIMONTON, and cases cited by him in Com. v. Frank, 7 Pa. Dist. Rep. 143, and also the common law rules in regard to justices of the peace, we are by no means convinced that the oath administered to the defendant by Magistrate Gorman, if knowingly and corruptly false, was not sufficient upon which to base an indictment and conviction for perjury. Note sec. 12 of the act of 1875: "The jurisdiction of each of said magistrates shall extend throughout the city and county of Philadelphia, and they shall be by virtue of their office, ex-officio justices of the peace;" etc.

But it will be understood that the court does not decide this question nor can we decide the conviction illegal because not one of the questions discussed is properly raised.

All of the assignments of error are overruled, the judgment is affirmed, and the record is remitted to the court below to the end that the sentence be fully carried into effect.